IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TINA MORGAN                                                                                         PLAINTIFF

      v.                                     Civil No. 4:11-cv-04076

WILLIAM K. MORTIZ,
Attorney, Hope, Arkansas                                                                    DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Tina Morgan, currently incarcerated at the Arkansas Department of Correction, filed this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The case is before me for preservice screening under the Prison Litigation Reform Act.

**1. Background**

According to the allegations of the complaint, Plaintiff's attorney, William K. Mortiz, forged her signature on $1300 worth of income tax returns and then never came to Court. After Attorney Mortiz received the checks, Plaintiff states he would accept her phone calls and did nothing for the $1300 payment he received.

As relief, Plaintiff asks that forgery charges be brought against Attorney Mortiz, that her money be given back to her, and that his license to practice law be revoked.

**2. Discussion**

The Plaintiff is an inmate of the Arkansas Department of Correction. Pursuant to 28 U.S.C. § 1915A, the Court must determine whether the cause of action stated in the complaint is frivolous

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § § 1915(e)(2)(B) & 1915A(b).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988). Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. While pro se complaints are to be construed liberally, courts must still apply the "plausibility standard." *See Ventura-Vera v. Dewitt*, 2011 WL 2184269, *1 (8th Cir. June 7, 2011).

The claims asserted in this case are clearly subject to dismissal as they are frivolous and fail to state claims upon which relief may be granted. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that a public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. This same rule applies to retained attorneys. *See Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992)(attorneys--whether appointed or retained--who represented plaintiff in a criminal proceeding did not act under color of state law and were not subject to suit under § 1983). Clearly, no claim is stated against

William Moritz.

### 3.  Conclusion

Accordingly, I recommend that the IFP application be denied and the case be dismissed without prejudice.  Despite the dismissal of the complaint, the Plaintiff remains liable for the $350 filing fee under the provisions of the Prison Litigation Reform Act (PLRA).  *See e.g., In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997)(Under PLRA, prisoners are responsible for filing fees from the moment the civil action is filed).

The dismissal of this action will also constitute a strike under the PLRA.  For this reason, the Clerk should be directed to place a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of December 2011.

                                        /s/ Barry A. Bryant
                                            HON. BARRY A. BRYANT
                                            UNITED STATES MAGISTRATE JUDGE